# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| ROBIN PERRY, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Cv. No. 2:15-02200-SMH |
| ) | Cr. No. 2:09-20324-SMH |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |
| ) | |
| ) | |

## ORDER

Before the Court are five motions filed by Petitioner Robin Perry: (1) motion seeking to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 ("*Pro Se* Motion I"), filed on March 23, 2015 (ECF No. 1); (2) Motion Pursuant to 28 U.S.C. § 2255(f)(3) to Vacate Sentence in Light of Descamps v. United States and Johnson v. United States ("*Pro Se* Motion II"), filed on July 20, 2015 (ECF No. 3); (3) amended motion seeking to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 ("*Pro Se* Motion III"), filed on December 7, 2015 (ECF No. 8); (4) Second Supplemental Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Second § 2255 Motion"), filed on May 17, 2016 (ECF No. 15); Motion to Set Case For Status Hearing, filed on November 30,

2017 (ECF No. 26). Petitioner challenges her sentence in Case No. 2:09-20324. The government responded to the Second § 2255 Motion on September 15, 2016. (ECF No. 21.) Petitioner replied on September 26, 2016. (ECF No. 22.)

For the following reasons, the Second § 2255 Motion is DENIED, and *Pro Se* Motion I, *Pro Se* Motion II, *Pro Se* Motion III, and Motion to Set Case For Status Hearing are DENIED AS MOOT.

**I. Background**

On March 18, 2011, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Cr. ECF No. 81 at 145.)[1] At the time of her sentencing, Petitioner was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA") because she had three prior ACCA-predicate convictions. Petitioner had been convicted of: (1) Tennessee criminal attempt: aggravated assault; (2) Ohio robbery (physical harm); and (3) Ohio aggravated assault (deadly weapon). (Presentence Investigation Report ("PSR") ¶¶ 42, 55, 57.) On July 26, 2011, the Court sentenced Petitioner to 180 months in prison. (Cr. ECF No. 89 at 177.) Had Petitioner not been an armed career criminal, she

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number. Citations to (Cr. ECF at ##) refer to the criminal case Perry v. United States, No. 2:09-cr-20324-SHM (W.D. Tenn.).

2

would have been subject to a statutory maximum sentence of 120 months in prison. See 18 U.S.C. § 924(a)(2).

On March 23, 2015, Petitioner filed *Pro Se* Motion I. (ECF No. 1; see also ECF No. 1-1.) On July 20, 2015, Petitioner filed *Pro Se* Motion II. (ECF No. 3.) On December 7, 2015, Petitioner filed *Pro Se* Motion III. (ECF No. 8; see also ECF No. 8-1.) On April 25, 2016, Petitioner filed *Pro Se* Motion IV. (ECF No. 12.)

After those motions were filed, Assistant Federal Public Defender David Bell began representing Petitioner. Petitioner filed a Motion for Leave to Supplement *Pro Se* Filings Related to Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 13.) The Court granted that motion on May 13, 2016. (ECF No. 14.)

On May 17, 2016, Petitioner filed this Second Supplemental Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 15.) The government responded on September 15, 2016. (ECF No. 21.) Petitioner replied on September 26, 2016. (ECF No. 23.)

On December 16, 2016, the Court entered an Order denying as moot Petitioner's *Pro Se* Motion IV. (ECF No. 23.) The Order stated that, because Petitioner was now represented by Bell, "[t]he Court will consider [Petitioner's] arguments for relief based on her counsel's filings." (Id. at 169.) Petitioner's

3

*Pro Se* Motion I, *Pro Se* Motion II, and *Pro Se* Motion III are also DENIED AS MOOT.

On November 30, 2017, Petitioner filed her Motion to Set Case For Status Hearing. (ECF No. 26.) Petitioner asks the Court to set the case for a status hearing because "this Court has yet to rule on [Petitioner's] filings." (Id. at 176.) This Order rules on Petitioner's motions. Petitioner's Motion to Set Case For Status Hearing is DENIED AS MOOT.

**II. Timeliness**

Petitioner challenges her sentence based on Johnson, which provides a new rule of constitutional law made retroactively applicable to cases on collateral review. Johnson v. United States, 135 S. Ct. 2551 (2015); Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Petitioner's § 2255 Motion alleges constitutional error that resulted in a sentence that now exceeds the statutory limits applicable to her offense. Johnson was decided on June 26, 2015, and Petitioner filed her *Pro Se* Motion II on July 20, 2015. (ECF No. 3.) Petitioner filed her Motion within one year of Johnson. Petitioner's Motion is timely. See 28 U.S.C. § 2255(f)(3).

**III. Analysis**

In Johnson, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process. 135 S. Ct. at 2563. Petitioner argues that two of her prior

4

convictions -- those for Tennessee criminal attempt: aggravated assault and Ohio robbery (physical harm) -- are no longer predicate violent felonies after Johnson. (ECF No. 15 at 108.) Petitioner contends that she is entitled to be resentenced because, after Johnson, she no longer has at least three prior ACCA-predicate convictions and, therefore, is no longer an armed career criminal. (Id. at 118.)

### A. Tennessee Criminal Attempt: Aggravated Assault

Petitioner argues that her Tennessee "conviction was for attempted reckless aggravated assault," and that the Sixth Circuit has "held that recklessly causing bodily injury to another [can] not qualify as a violent felony for ACCA purposes." (Id. at 110-11.) The government contends that Petitioner's "conviction could not have been for reckless aggravated assault." (ECF No. 21 at 130.) Petitioner's "plea necessarily rested on the elements of the predicate offense of assault with a deadly weapon . . . which has as an element the use or threatened use of violent force." (Id. at 133.) The government also argues that, "even if [Petitioner's] conviction were for reckless aggravated assault . . . it would still qualify as a violent felony." (Id.)

"When determining which crimes fall within . . . the violent felony provision" of the ACCA, "federal courts use the categorical approach." United States v. Covington, 738 F.3d

5

759, 762 (6th Cir. 2013) (quotation marks omitted); see also Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). Using that approach, courts "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990).

"[T]here are two steps in applying the categorical approach to determine whether a prior conviction constitutes . . . a violent felony under the ACCA." Covington, 738 F.3d at 763. "First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.'" Id. (quoting Descamps v. United States, 133 S. Ct. 2276, 2293 (2013)). "[A] divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps, 133 S. Ct. at 2283.

If a statute is divisible, meaning that it "comprises multiple, alternative versions of the crime," a court uses a "modified categorical approach" and may "examine a limited class of documents," such as the indictment and jury instructions, "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Id. at 2283-84. "Where the defendant has pled guilty, these so-called Shepard documents may include the 'charging document, written plea

6

agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" United States v. Denson, 728 F.3d 603, 608 (6th Cir. 2013) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). "[T]he question is whether the court documents establish that the defendant necessarily admitted the elements of a predicate offense through his plea." United States v. McMurray, 653 F.3d 367, 377 (6th Cir. 2011) (quotation marks omitted).

After having determined which of a statute's alternative elements formed the basis of the defendant's prior conviction, the second step in the categorical approach requires the court to "ask whether the offense the statute describes, as a category, is a [violent felony]." Covington, 738 F.3d at 763.

Petitioner was convicted under Tenn. Code Ann. § 39-13-102. (ECF No. 21-1 at 145.) "[Section] 39-13-102 is divisible." United States v. Cooper, 739 F.3d 873, 880 n.2 (6th Cir. 2014). Thus, the Court looks to the Shepard documents to determine which of § 39-13-102's alternative elements formed the basis of Petitioner's conviction. See Descamps, 133 S. Ct. at 2283-84.

Petitioner's indictment demonstrates that she was convicted under § 39-13-102(a)(1)(B). A Tennessee grand jury charged that Petitioner "did unlawfully and intentionally <u>by use of a deadly weapon</u> . . . cause bodily injury to Angela Joyner." (ECF No.

7

21-1 at 143 (emphasis added).) Petitioner pled guilty to attempting the charged offense.[2] (Id. at 145.)

Having confirmed that Petitioner was convicted under § 39-13-102(a)(1)(B), the Court must determine whether an aggravated assault under that provision, as a category, is a violent felony. See Covington, 738 F.3d at 763. The Sixth Circuit has held that violation of subsection (a)(1)(B) of the statute is a violent felony. Braden v. United States, 817 F.3d 926, 933 (6th Cir. 2016). Petitioner's Tennessee criminal attempt: aggravated assault conviction is a violent felony under the ACCA.

**B. Ohio Robbery (Physical Harm)**

Petitioner argues that her conviction for Ohio robbery (physical harm) "cannot be said to be a violent felony because threatening to inflict physical harm on another does not necessarily entail the use, attempted use or threatened use of physical force against another." (ECF No. 15 at 115.) The government argues that "the Sixth Circuit has determined that the force inherent in Ohio's definition of 'physical harm' constitutes a violent felony under § 924(e)." (Id. at 139.)

Petitioner was convicted under Ohio Rev. Code § 2911.02(A)(2). (ECF No. 21-1 at 147.) The Sixth Circuit has held that a conviction under that subsection of the statute

---

[2] That Petitioner pled to attempted aggravated assault does not affect whether the conviction qualifies as a violent felony. Violent felonies include attempts under 18 U.S.C. § 924(e)(2)(B)(i).

8

constitutes a violent felony. United States v. Finley, No. 15-6222, slip op. at 2-3 (6th Cir. Feb. 22, 2017); see also United States v. Patterson, 853 F.3d 298, 303 (6th Cir. 2017) ("[E]ven Ohio Rev. Code § 2911.02(A)(2), the lesser included form of robbery, counts as a violent felony under the elements clause.") Petitioner's conviction § 2911.02(A)(2) is a predicate offense for career-offender purposes under the use-of-force clause.

Petitioner has three convictions that qualify as ACCA predicate offenses. The ACCA was properly applied. Petitioner's Second § 2255 Motion is DENIED.

**IV. Appealability**

28 U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

9

deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

Petitioner is not entitled to relief under Johnson. She cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). To appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken

in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file her motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

Because Petitioner is clearly not entitled to relief, the Court has denied a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[3]

## V. Conclusion

For the foregoing reasons, Petitioner's Second § 2255 Motion is DENIED, and *Pro Se* Motion I, *Pro Se* Motion II, *Pro Se* Motion III, and Motion to Set Case For Status Hearing are DENIED AS MOOT.

So ordered this 30th day of November, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, she must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.